# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 05-744V
### Filed: May 13, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RICHARD CURLEY and | * | |
| THERESA CURLEY, parents of | * | |
| T.C., a minor, | * | |
| | * | |
| Petitioners, | * | Autism; Stipulation; |
| v. | * | Attorney Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Robert Krakow, Esq.* Law Office of Robert Krakow, P.C., New York, NY for petitioners.
*Lynn Ricciardella, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on October 24, 2013, that dismissed this case. On May 12, 2014, the parties filed a stipulation for attorney fees and costs and a statement pursuant to General Order #9 conveying that petitioners incurred no personal litigation costs. The stipulation indicates that after informal discussions, petitioners amended their fees and costs request to an amount that respondent does not object.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $28,885.44[3] in**

---

[1] When this decision was originally issued, petitioners were informed that the decision would be posted in accordance with the E-Government of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). Petitioners were also notified that they could seek redaction pursuant to § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Petitioners made a timely request for redaction and this decision is being made public with the name of the minor child redacted to initials.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

**the form of a check payable jointly to petitioners and petitioners' counsel of record for petitioners' attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]


**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
**Denise K. Vowell**
Chief Special Master

---

Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).